JOE E. BRADLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bradley v. Commissioner
Docket No. 9226-84.
United States Tax Court
T.C. Memo 1985-466; 1985 Tax Ct. Memo LEXIS 168; 50 T.C.M. (CCH) 975; T.C.M. (RIA) 85466; September 4, 1985. Joe E. Bradley, pro se. Henry T. Schafer and Blake W. Ferguson, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $143,641 in petitioner's Federal income taxes for 1978 and additions to tax of $35,964 under section 6651(a) [1] and $7,193 under section 6653(a). After concessions, there remain in dispute various adjustments to income, deductions claimed on Schedules A, C, and E, investment tax credits, recomputation of self-employment tax, and the additions to tax for late filing of the return and for negligence. As recomputed on a schedule attached to respondent's trial memorandum filed June 13, 1985, the items remaining in dispute reflect a deficiency of $38,621 and additions to tax under section 6651(a) of $9,709 and under section 6653(a) of $1,942. *170 FINDINGS OF FACT Some of the facts have been stipulated, and the stipulations are incorporated herein by this reference. Petitioner was a resident of Anchorage, Alaska, at the time he filed his petition herein. On or after June 10, 1980, he filed his individual income tax return for 1978. During 1978, petitioner constructed certain duplexes, which were thereafter held for sale. In relation to the duplexes, he incurred various expenses for subcontractors, supplies, and construction period interest. Prior to 1978, petitioner purchased a 1978 Chevrolet 4-by-4 pickup truck. That vehicle was disposed of in or about February 1978. Thereafter petitioner operated a different vehicle for use in relation to his business and rental activities and for personal purposes such as grocery shopping. On his tax return for 1978, petitioner claimed deductions and investment credits in relation to the duplexes constructed by him during that year and the vehicle operated by him during that year. He also claimed a variety of other expenses on Schedules A, C, and E. In addition to items no longer in issue, amounts claimed by petitioner on his return but disallowed by respondent are as follows: *171 Claimed on Schedule A
Amount
Medical Expenses
$3,172
Taxes
584
Interest
4,868
Contributions
180
Miscellaneous Deductions
70
Claimed on Schedule C
Advertising
582
Depreciation
1,133
Insurance
1,445
Interest
5,088
Legal Expenses
2,204
Repairs
69
Supplies
147
Utilities
469
Subcontract
2,183
Concrete
7,567
Gas
341
Claimed on Schedule E
Subcontract
255
Supplies
226
Legal
1,495
Insurance
939
Utilities
1,222
Taxes
89
Gas
340
Truck Maintenance
34
General Maintenance
678
Advertising
19
Dues
16
Bank Charges
26
Deposit Refund
500
Depreciation
5,570
The foregoing items were disallowed because petitioner failed to substantiate that the amounts claimed were ordinary and necessary business expenses or were expended for the purpose designated. Respondent also recomputed (1) petitioner's reported gains from sale of the 1978 truck and from sale of certain real property, (2) investment tax credit, and (3) self-employment tax. On or about August 26, 1982, a revenue agent sent to petitioner a letter requesting records relating to petitioner's 1978 return. Thereafter, in proceedings relating to a summons served on petitioner *172 for such records, petitioner claimed that he did not have the records sought by the revenue agent because he had burned them in September or October 1982. OPINION Except to the extent that respondent has now made concessions, petitioner has the burden of proving that respondent's determination of disallowed deductions and credits, additional income, and recomputed self-employment tax is incorrect. Welch v. Helvering,290 U.S. 111 (1933); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice and Procedure.
At trial, petitioner presented various schedules of items purportedly substantiating the deductions and the basis for depreciation and investment tax credit purposes claimed on his tax return. Those schedules are, for the most part, unintelligible. Petitioner was given the opportunity to explain the schedules and to relate them to the items in dispute. To the extent that he did so, it became apparent that items claimed for interest and other payments related to construction of duplexes that he held for sale in a later year. Such items are not currently deductible in full and are not eligible for *173 depreciation or investment tax credit. See sections 189, 263(a), and 167(a); Camp Wolters Enterprises, Inc. v. Commissioner,22 T.C. 737, 754 (1954), affd. 230 F.2d 555 (5th Cir. 1956); sections 38 and 48(a). Petitioner conceded at trial that such amounts should be capitalized. Petitioner testified that automobile expenses and investment tax credit claimed by him related to a 1978 pickup truck. According to his tax return, however that truck was acquired in 1977 and sold in February 1978. Although the adjusted basis of the vehicle would reduce the gain on sale determined by respondent, petitioner produced neither reliable evidence of cost nor any evidence of depreciation claimed in prior years. Although the 1978 truck may have been replaced by another vehicle, petitioner provided no reliable evidence of the purchase or cost of such other vehicle. Moreover, petitioner provided no evidence of the proper allocation of use of any vehicle between business use, for which depreciation and investment tax credit would be available, residential rental use, for which investment tax credit is not available (section 48(a)(3)), and personal use, for which neither *174 depreciation nor investment tax credit is available. Petitioner testified that some of the payments reflected in his schedule were for other nondeductible items, such as a speeding ticket, and machinery and tools, which must be capitalized. He provided no proof of the actual items purchased, the business use of the items, or the useful life of such items for depreciation purposes. Thus the evidence presented by petitioner contradicted his claims that the items were deductible. As to most of the items, however, petitioner presented no evidence. His position is merely that the return was correct as filed. He has, therefore, failed to establish that he is entitled to any deductions or credits beyond those allowed by respondent or that respondent's other computations are not correct. See Davis v. Commissioner,674 F.2d 553 (6th Cir. 1982), affg. a Memorandum Opinion of this Court; Wilkinson v. Commissioner,71 T.C. 633, 639 (1979). With respect to the addition to tax under section 6651(a), petitioner has offered no explanation or reasonable cause for his failure to timely file his return. The evidence supports the conclusion that petitioner was *175 negligent in claiming as deductions items that were not deductible and in failing to maintain books and records as required by law. The additions to tax are therefore sustained. Decision will be entered under Rule 155.
[2]
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Although a recomputation of the deficiency and additions to tax is attached to the trial memorandum, the stipulation of facts, paragraph 8, leaves us in doubt as to whether respondent has conceded his determination that income from the sale of property was underreported by $37,336. A Rule 155 computation is therefore ordered.↩